```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KRISTAL MARIE MARTINEZ,

                                Plaintiff,

             -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

-------------------------------------------------------------X

21-CV-00821 (SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

       Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security benefits. The Court remanded the matter for further review by the Commissioner of Social Security and approved a stipulation and agreement awarding Plaintiff $8,754.00 in attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. See ECF Nos. 35, 36-41.

       Following the remand, Plaintiff was awarded retroactive benefits from the Social Security Administration. Thereafter, on February 7, 2025, Plaintiff's counsel timely filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 42-44. Plaintiff seeks $22,760.50, which represents 25% of Plaintiff's retroactive benefits (totaling $91,042.00). ECF Nos. 43-3 at 4; 44 at 3. Plaintiff's counsel reports having billed 37.8 hours, resulting in a de facto hourly rate of $600.54.

       Section 406(b) permits the Court to approve "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). Because of the Commissioner's unique role

and expertise in this area, the Court ordered the Commissioner to respond to Plaintiff's motion. In particular, the Court directed the Commissioner to address the question of whether the fees amount to an impermissible windfall. See Diberardino v. Comm'r of Soc. Sec., No. 17-cv-02868 (PKC), 2020 WL 6746828 (E.D.N.Y. Nov. 17, 2020).

On March 12, 2025, the Commissioner filed a letter indicating that the hourly rate of $600.54 is reasonable and in fact "lower than recent awards" in this District. ECF No. 46 at 4. The Court agrees with the Commissioner's assessment. See Bay v. Comm'r of Soc. Sec., No. 20-cv-9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025) (de facto hourly rate of **$1,861** approved and "not unreasonable . . . and is in line with amounts that courts have found reasonable"); Mannouris v. Comm'r of Soc. Sec., No. 20-cv-9790 (AT)(BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), report and recommendation adopted, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (de facto hourly rate of **$1,918** approved where counsel did not file any motions or briefs before the matter was remanded to the Commissioner); Hennelly v. Kijakazi, No. 20-cv-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (describing a non-contingency hourly rate of **$1,705.16** as "high, [but] not unprecedented"). Plaintiff's counsel billed 37.8 hours, which is within the standard range of hours for a Social Security action. This included reviewing the 897-page administrative record, researching, and filing a 25-page brief.

## CONCLUSION

Accordingly, having reviewed both the Plaintiff's motion and the Commissioner's response, along with all supporting documents, the Court determines that the requested award is "reasonable," and that attorney's fees be granted in the amount of $22,760.50. This amount represents 25% of the past due benefits awarded to the Plaintiff. Upon receipt of this sum, counsel for the Plaintiff is directed to refund directly to the Plaintiff the previously awarded

EAJA fees of $8,754.00. See ECF No. 41; see also Gisbrecht, 535 U.S. at 796 (explaining that where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
          April 8, 2025